## SARAH H. JOHNSON v. ABNER JOHNSON.

Where a petition was not signed by the petitioner, but was verified by an affidavit signed by her, which stated that she had read it, and knew the contents of it, and that it was true, it was held to be a sufficient signature of such petition.

Where the subpœna was served on the keeper of the state's prison, instead of on the defendant, who was confined therein, the service was held sufficient.

When any party wishes to set aside the proceedings of his adversary for a mere technical irregularity, he must make his application at the first opportunity; and a defendant who has not caused his appearance to be entered, is entitled to no more indulgence than one who has appeared.

After a motion has been denied on its merits, it should not be renewed, without leave of the Court, on the same facts, or any new facts which might have been included in the first motion. The party must present all of his case at once, whether he have several grounds or not.

Sentence to hard labor in any prison, jail, or house of correction, for three or more years, is a good ground of divorce under the statute.

Upon the dissolution of a marriage by divorce, or sentence of nullity, for any cause excepting adultery of the wife, she is entitled to the immediate possession of all her real estate, in the same manner as if her husband were dead.

THIS was a motion by defendant to set aside a decree of divorce.

*H. H. Emmons*, in support of the motion.

*G. C. Bates*, contra.

THE CHANCELLOR. A petition was filed in this Court, August 4th, 1841, by Sarah H. Johnson, for a divorce from her husband, Abner Johnson, and a decree was entered, according to the prayer of the petition, on the 4th day of October following. The defendant had been convicted of aiding and assisting in counterfeiting the coin of

the United States, and sentenced to imprisonment in the state penitentiary, at hard labor, for the term of six years. On that account the divorce was granted. On the 19th day of July, 1842, he was pardoned by the President of the United States; and he, soon after, made a motion, by his solicitor, to have the decree set aside for *irregularity*. The motion was then denied. It is now renewed, but not on precisely the same grounds, as defendant has submitted to the Court an answer, which he wishes to put in to the petition. The present motion, therefore, is made upon two grounds,—the irregularity of the proceedings under the petition, and the merits, if any, set up by the proposed answer.

The former motion rested entirely upon the following irregularities: *First*, that the petition was not signed by the petitioner; *Secondly*, that the subpœna was not served upon the defendant personally, but was left with the keeper of the prison; *Thirdly*, that the order taking the petition as confessed, was entered two days before the forty days defendant had to answer in, after the return day of the subpœna, had expired; *Fourthly*, that the order for a reference to a Master to take proof of the facts charged in the petition, and to report such proof with his opinion thereon, was entered with the register as a common order.

The petition was not signed by the petitioner, but it was verified by her affidavit at the foot of the petition, which affidavit was signed by her, and in which she stated she had read the petition, knew the contents thereof, and that it was true. This was a sufficient signing of the petition, or recognition of it as her own act, to answer the requirement of the statute. *Willard* v. *Willard*, 4 *Mass. R.* 606.

The service of the subpœna was well enough. *Joyce* v. *Joyce*, 1 *Hogan R.* 121. When the defendant is absent,

Johnson *v.* Johnson.

the subpœna may be served on his wife, or servant, or some member of his family, at his dwelling house, or place of abode.  *Rule* 16.  It could not be served on the defendant personally, nor could it be served on his wife, she being the petitioner.  Service on the keeper of the prison, under the circumstances, was the only service that could be made.

The order taking the petition as confessed, was prematurely entered.  Nor was the one hundred and first rule of the Court literally complied with, in obtaining the order of reference to take proofs.  The rule says, if any such bill (which must be construed to include petition, when the party proceeds by petition,) is taken as confessed, or the facts charged therein are admitted by the answer, the complainant may apply to the Court, on any regular motion day, or in term, upon due proof of the regularity of the proceedings to take the bill as confessed, or upon the bill and answer, for a reference, &c.  The almost invariable practice under this rule, where there is no appearance for defendant, so far as my experience goes, is, to enter the order with the register as a common order, as in mortgage cases, against absent defendants and minors, under the ninety-sixth rule.  I see no objection to this practice, as the order would in all cases, upon a special application to the Court, be granted of course; and, after the proofs are taken, the whole case is examined by the Court on the final hearing.

These last two objections are purely technical; they in no way affect the merits.  They are a departure from the rules established by the Court, to regulate its proceedings, and nothing more; and, when either party wishes to set aside the proceedings of his adversary, for a mere technical irregularity, he must make his application at the first opportunity.  He must not lie by, and permit his adver-

sary to take step after step in the cause, without so much as notifying him of his error, for the purpose of afterwards having his proceedings set aside. *Hart* v. *Small,* 4 *Paige R.* 288; *Nichols* v. *Nichols,* 10 *Wend. R.* 560. And a defendant who has not caused his appearance to be entered, is entitled to no greater indulgence, in this respect, than one who has appeared. *Brown* v. *Childs,* 17 *J. R.* 1; *Downs* v. *Witherington,* 2 *Taunt. R.* 242. There is no reason why a defendant, who has been duly served with process, and who has abandoned all defence, by neglecting to appear in the case, after a decree has been rendered against him, should have it set aside for a mere technical irregularity, which would, probably, not have occurred, had he appeared. More especially in a case like the present, where the petitioner has married since the entry of the decree. She was divorced on the 4th day of October, 1841, and married July 8th, 1842; and the former motion was not made until the 26th day of October following. Such were my reasons for denying the first motion, and, on reviewing them, I am satisfied with the decision then made.

After a motion has been denied on its merits, it should not be renewed without leave of the Court, on the same facts, or any new facts which might have been included in the first motion. The party must present the whole of his case at once, and not in detached parts; and if he have several grounds for his motion, he must bring them all before the Court at the same time, and not make each one the subject of a distinct motion.

Sentence to hard labor in any prison, jail, or house of correction, for three or more years, is a good ground of divorce under the statute. Defendant does not, therefore, deny petitioner's right to a divorce; but asks to have the decree opened, for the purpose of reviewing the allow-

ance made for her support out of his estate.    It appears
from the proposed answer, that James Johnson held 584
acres of land in trust for defendant, at the time of his
conviction ; 171 acres of which are now held by petitioner,
worth about $1,000.    After his conviction, the 584 acres
of land were conveyed by James Johnson and defendant,
and two other tracts, the quantity of which is not stated,
by defendant and petitioner, to Jacob M. Howard, to pay
him for professional services, and to pay a fine of $1,500,
which was part of defendant's sentence, in case it was
not remitted ; after which, Howard was to re-convey the
balance of the land to James Johnson.    Twelve days af-
ter these conveyances to Howard, he conveyed the 171
acres to petitioner, for her support, and that of a child six
years of age.    This conveyance is set forth in her petition ;
and the decree, instead of giving these lands to her, as
defendant's counsel seems to suppose, only directs that,
for the support of herself and child, she shall have, hold,
and enjoy, all the products and rents of the land so con-
veyed to her.    In other words, the decree gives her what
the law would have given her, had no mention whatever
been made of the land, in drawing up the decree.    Upon
the dissolution of a marriage by divorce, or sentence of
nullity, for any cause excepting adultery of the wife, she
is entitled to the immediate possession of all her real
estate, in the same manner as if her husband were dead.
*R. S.* 339, § 22.    The decree, therefore, in this particular,
is only declaratory of the statute.    The land had been
conveyed to her by Howard, and in law belonged to her,
and, by the divorce, defendant ceased to have any interest
in it.    The answer would seem to set up a breach of trust
in Howard, in conveying to petitioner.    That matter how-
ever, cannot be tried in this suit ; and there are strong
reasons for supposing the conveyance was made with the

assent of all parties.   Defendant does not deny it was with his assent, or state that it was contrary to his wishes.. Motion denied.                                            •